UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WADE BRADLEY, | Case No. 18-12202 |
| Plaintiff, | Terrence G. Berg |
| v. | United States District Judge |
| JAMIE PARKER, *et al*, | Stephanie Dawkins Davis |
| | United State Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**RULE 41(B) AND MOTIONS TO DISMISS (Dkt. 11, 12)**

**I.   PROCEDURAL HISTORY**

Plaintiff Wade Bradley filed a complaint on July 13, 2018. (Dkt. 1). The suit is against Jamie Parker, a resident of Benton Harbor, Michigan along with "State Farm/Heidi Lull." (Dkt. 1, p. 2). Bradley asserts that this is personal injury and insurance contract action. *Id.* at 3. The only allegations in the complaint are that "Jamie beat me in the head in his front yard with a bat." *Id.* at 3.

On November 26, 2018, District Judge Terrence G. Berg referred this matter to the undersigned for all pretrial proceedings. (Dkt. 8). Defendant Jamie Parker filed a motion to dismiss on March 4, 2019, and defendant State Farm Insurance filed a motion to dismiss on March 5, 2019. (Dkts. 11 and 12).[1] Bradley was

---

[1] Counsel for State Farm did not appear on behalf of Heidi Lull nor does it appear that Bradley has served her with the summons and complaint.

ordered to file a response to these motions by April 15, 2019 and was warned that failure to respond may result in sanctions, including granting all or part of the relief requested by the moving parties. (Dkt. 15). Based on Bradley's failure to respond, the Court issued an order directing Bradley to show cause in writing by June 26, 2019 why the undersigned should not recommend that his complaint be dismissed due to his failure to file responses to the motions to dismiss. The Court's order permitted Bradley, alternatively, to file a response to the motions by June 26, 2019. (Dkt. 16). Bradley has not responded to the order to show cause. In the show cause order, the Court warned Bradley that "**[f]ailure to timely or adequately respond in writing to this Order to Show Cause or timely file a response to the motions will result in a recommendation that the motions be granted or that the entire matter be dismissed under Rule 41(b)**." *Id*. (emphasis in original).

For the reasons set forth below, the undersigned **RECOMMENDS** that this **DISMISSED** under Rule 41(b) with prejudice as to defendants Parker and State Farm, and that the matter be **DISMISSED** without prejudice for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) as to defendant Hull.

## II. ANALYSIS AND CONCLUSIONS

### A. Rule 41(b) Dismissal

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced

3

> by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). On balance, these factors weigh in favor of dismissal here. With respect to the first factor, similar to the facts in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendants cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. For these reasons, the first and second factors weigh in favor of dismissal.

Moreover, based on the warnings given to plaintiff, the third factor also weighs in favor of dismissal. This court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal, failed to comply with court orders without explanation, and where defendants expended resources on an abandoned action and lesser sanctions would prove useless. *See e.g.*, *Croton v. Recker*, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012). Additionally, a Rule 41(b) dismissal is an appropriate sanction for a *pro se* litigant's failure to provide the court with information regarding his current address. *Watsy v.*

4

*Richards*, 1987 WL 37151 (6th Cir. 1987); *White v. City of Grand Rapids*, 34 Fed. Appx. 210, 211 (6th Cir. May 7, 2002) (finding that a pro se prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Rogers v. Ryan*, 2017 WL 5150884, at *2 (E.D. Mich. Nov. 7, 2017) ("A Rule 41(b) dismissal is an appropriate sanction for a pro se litigant's failure to provide the court with information regarding his current address.").

Importantly, despite the court's warnings that defendants' motions to dismiss may be granted and that his action may be dismissed, Bradley failed to respond to either of the courts' orders. (Dkt. 15, 16). The court clearly warned Bradley that a failure to respond to the motions to dismiss may result in sanctions, including granting all or part of the relief requested by defendants. (Dkt. 15). In the order to show cause, the Court also warned that "**[f]ailure to timely or adequately respond in writing to this Order to Show Cause will result in a recommendation that the motions be granted or that the entire matter be dismissed under Rule 41(b)**." (Dkt. 19). Despite these clear warnings, Bradley has provided no good reason why the undersigned should not dismiss the complaint. *See Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013).

And finally, given Bradley's failure to respond to the court's order to show cause, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, taken together, these factors support dismissal for failure to prosecute. It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also Labreck* 2013 WL 511031, at *2; *McMillian v. Captain D's*, 2007 WL 2436668, at *2 (D.S.C. 2007) (dismissing motion to dismiss and to compel arbitration because of plaintiff's failure to respond despite being advised of the applicable procedures and possible consequences for failure to respond adequately).

The undersigned concludes that, for the reasons discussed above, Bradley has effectively abandoned his case against Parker and State Farm by failing to file responses to the motions to dismiss as ordered and for failing to comply with the show cause order of the Court. Under these circumstances, dismissal of the claims against these defendants with prejudice is appropriate.

B. Subject Matter Jurisdiction

As defendant State Farm points out in its motion to dismiss, the Court also lacks subject matter jurisdiction over Bradley's complaint. The undersigned finds it appropriate to also address this issue because the status of defendant Hull is unresolved. She has not been served with the summons and complaint and has not appeared in this action. Federal courts are courts of limited jurisdiction. Pursuant to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." Diversity jurisdiction requires "complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). Given that Bradley has not responded to the motions to dismiss, the only evidence of citizenship in this case is the sparse complaint. *Anthony v. Madden*, 2007 WL 307576, at *2 (M.D. Tenn. Jan. 29, 2007) ("Allegations of citizenship, of both corporate and individual parties, must be apparent from the face of the pleadings."). Bradley is a citizen of Michigan and brings his claim against three defendants, at least one of whom (Parker) is also a citizen of Michigan, given that, according to the Complaint, Parker resides in Michigan. (Dkt. 1); *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990) ("State citizenship for the purpose of

the diversity requirement is equated with domicile. A person's previous domicile is not lost until a new one is acquired. Establishment of a new domicile is determined by two factors: residence in the new domicile, and the intention to remain there."). Lull is identified only by her office address at State Farm. As a result, the Court cannot rely on diversity jurisdiction here, and Bradley has not cited any authority that would allow the Court to exercise federal question jurisdiction over his complaint. The undersigned, therefore, recommends that the complaint against Lull be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

For the reasons set forth above, the undersigned **RECOMMENDS** that this **DISMISSED** under Rule 41(b) with prejudice as to defendants Parker and State Farm, and that the matter be **DISMISSED** without prejudice for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) as to defendant Hull.

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and E.D. Mich. Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection No. 1," "Objection No. 2," *etc*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2); E.D. Mich. Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 19, 2019                 s/Stephanie Dawkins Davis
                                            Stephanie Dawkins Davis
                                            United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I certify that on <u>July 19, 2019</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to all counsel of record and I have mailed by United States Postal Service to the following non-ECF participant: <u>Wade Bradley, 663 Eloise Dr., Benton Harbor, MI 49022 and Jamie Parker, 332 Waverly Dr., Benton Harbor, MI 49022.</u>

                                          <u>s/Tammy Hallwood</u>
                                          Case Manager
                                          (810) 341-7887